AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>401 14TH STREET NW, APARTMENT 8,<br>ALBUQUERQUE, NM 87104 | Case No. **23mr1904** |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, attached hereto and incorporated herein by reference.

located in the _____ District of __New Mexico__, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, attached hereto and incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC § 922 | Prohibited Person in Possession of a Firearm |

The application is based on these facts:
See attached affidavit, incorporated herein by reference.

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of ____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Nancy Stemo, FBI Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
Telephonically Sworn and Electronically Signed *(specify reliable electronic means)*.

Date: 10/10/2023

_____
*Judge's signature*

City and state: Albuquerque New Mexico        Steven C. Yarbrough, United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR NEW MEXICO

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF 401 14TH STREET NW, APARTMENT 8, ALBUQUERQUE, NM 87104 | Case No. _____<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A SEARCH WARRANT**

I, Nancy Stemo, having been duly sworn, does hereby depose and state that the following is true to the best of my information, knowledge, and belief:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure ("FRCP") for a warrant to search the premises located at 401 14th Street NW, Apartment 8, Albuquerque, New Mexico 87104 (hereinafter the SUBJECT PREMISES) for firearms and evidence of illicit firearms possession in violation of 922(g)(1), that being felon in possession of a firearm and ammunition, as more fully described in Attachment B. A more detailed description and photographs of the SUBJECT PREMISES are contained in Attachment A, which has been attached hereto and incorporated herein by reference.

2. I am a Special Agent ("SA") of the Federal Bureau of Investigation ("FBI") and have been since May 2016. I am recognized as a "federal law enforcement officer" within the meaning of FRCP 41(a)(2)(C). I am currently assigned to the FBI's Child Exploitation and Human Trafficking Task Force where I investigate offenses involving the exploitation of children. I was previously assigned to the Violent Crimes Task Force ("VCTF") and Safe Streets Task Force ("SSTF") where I investigated a myriad of federal violations, including drug and firearms trafficking, robberies, and criminal enterprises. I have received on the job training from other

experienced agents in the investigation of federal offenses. I was involved in the investigation into the target of this investigation, Lawrence GABALDON, in my previous assignments with the VCTF and SSTF.

3. During my law enforcement career, I have participated in various investigations involving drug trafficking, firearms trafficking, fugitives, money laundering, armed robbery, and racketeering offenses committed by gangs and criminal enterprises. I have received hundreds of hours of training from other experienced agents, correctional officers, and detectives in the investigation of gangs and criminal organizations, and offenses committed by such groups and their members. My investigative training and experience includes, but is not limited to, conducting surveillance; interviewing subjects, targets and witnesses; writing affidavits for and executing search and arrest warrants; examining cellular evidence (i.e. telephones, telephone records, financial records, etc.); managing confidential human sources and cooperating witnesses/defendants; serving subpoenas; collecting evidence; and analyzing public records.

4. I have learned that individuals involved in illicit firearms possession and firearms trafficking often conceal evidence of their firearms trafficking in their residences, or residences of relatives, friends, or associates, and areas surrounding their residences, to include, garages, carports, outbuildings, and vehicles parked on or near their property.

5. I know that drug dealers and firearms traffickers often utilize multiple cellular telephones and computers, often at the same time to avoid law enforcement monitoring, to conduct their illicit activities. I am aware persons involved in illicit activities, including illegal firearms possession, use messaging applications, pre-paid telephones that require no subscriber information, or utilize fictitious names, or the names of others, to register the cellular telephones used to advance their unlawful activities. These cellular telephones often contain the names and

phone numbers of other co-conspirators, text messages to further their illicit activities, photographs and videos of controlled substances, drug proceeds, and/or firearms. I am also familiar with the popular use of text messaging, instant messaging, electronic mail, and social media applications used by drug dealers and members of drug trafficking organizations to advance their unlawful activities. I am aware such messaging applications and services can be utilized from cellular telephones, computers, laptops, or similar devices and certain computer applications can send messages that appear to be cellular telephone messages. I believe GABALDON utilized cellular telephones to conduct illicit activity involving firearms.

6. It has been my experience that criminals who illegally possess firearms often do not part with such firearms, as it may be difficult for criminal to acquire firearms.

7. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

8. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § 922 have been committed by Lawrence GABALDON ("GABALDON"). GABALDON was recently re-arrested for violating conditions of release in Cause No. 17-CR-244. I submit there is probable cause to search the SUBJECT PREMISES described in Attachment A, for evidence of illicit firearms possession as described in Attachment B.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

9. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the

Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

10. *Forensic evidence*. As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Subject Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Subject Device because:

   a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

   b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

   d. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual

    information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

f. I know that when an individual uses an electronic device to take photos or videos of themselves possessing firearms or to obtain firearms, the individual's electronic device will generally serve both as an instrumentality for committing the crime, and also as a storage medium for evidence of the crime. The electronic device is an instrumentality of the crime because it is used as a means of committing the criminal offense. The electronic device is also likely to be a storage medium for evidence of crime. From my training and experience, I believe that an electronic device used to commit a crime of this type may contain: data that is evidence of how the electronic device was used; data that was sent or received; and other records that indicate the nature of the offense.

g. *Nature of examination*. Based on the foregoing, and consistent with Rule 41 (e)(2)(B), the warrant I am applying for would permit the examination of the device, utilized by Lawrence GABALDON, consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

**PROBABLE CAUSE**

11.     In May 2017, Lawrence GABALDON, aka "Mono," became the subject of an FBI investigation after he represented his ability to sell drugs and firearms to an FBI Confidential Human Source ("CHS"). Agents reviewed Facebook accounts associated with GABALDON and noted dozens of pictures of GABALDON posing with various firearms. GABALDON sold the CHS cocaine, three firearms (one of which was listed stolen in the National Crime Information Center ("NCIC")), and heroin within a 38-day period. During the interactions with the CHS, GABALDON indicated he was able to possess and sell grenades and rocket launchers; however, he was unable to provide either item to the CHS.

12.     In July 2017, the FBI obtained a District of New Mexico search warrant for GABALDON's residence for evidence of 21 U.S.C. §§ 841, 843, and 846 and 18 U.S.C. §§ 924(c), 922(j), and 2. On July 26, 2017, the FBI executed the search warrant on GABALDON's residence and interviewed him. GABALDON was cooperative during the interview and waived his Miranda Rights. GABALDON described himself as a gun enthusiast and admitted he previously sold guns to a known felon, whom he described as someone who had done prison time. GABALDON admitted he obtained various tattoos which represented three separate street gangs to further his image as a musician. GABALDON admitted he sold controlled substances and provided the name of his supplier to agents. GABALDON also claimed his supplier forced him to sell the firearms. During the search of the residence, the FBI located marijuana, ammunition, two pistols, a rifle, four digital scales, a grinder, and clear plastic bags. All firearms in GABALDON's possession were removed on this date.

13.     The FBI subsequently arrested GABALDON and his supplier.[1] GABALDON was arrested for violating 21 U.S.C. § 841. GABALDON was released to a halfway house and re-arrested on October 12, 2017, for violating his conditions of release. On December 6, 2017, GABALDON pleaded guilty to violating 21 U.S.C. §§ 846, 841(b)(1)(C), 841 (b)(1)(B), and 18 U.S.C. § 2.  GABALDON was released to a third-party custodian pending sentencing with the conditions that he does not possess firearms, utilize alcohol, unlawfully possess narcotics or other controlled substances (unless prescribed), report any law enforcement contact (including arrests, questioning, or traffic stops) to a supervising officer, among others. Furthermore, GABALDON was ordered to reside with the third-party custodian at a specific location. GABALDON is prohibited from possessing firearms as he is currently a person under indictment.

14.     In April 2020, I obtained information from the New Mexico's Second Judicial District Attorney's Office, Crime Strategies Unit ("CSU") regarding GABALDON being involved in obtaining firearms and residing at a non-court authorized location. I also became aware that the Bernalillo County Sheriff's Office suspected GABALDON exchanged gunfire with another individual and interviewed GABALDON. GABALDON failed to disclose this contact with law enforcement to his supervising officer. I confirmed GABALDON was not residing with the Court appointed third party custodian and was residing elsewhere.

15.     On May 27, 2020, a District of New Mexico arrest warrant[2] was issued for GABALDON for violating the conditions of his release, namely, failing to reside with the Court

---

[1] Criminal Complaints were obtained for both men in July 2017. In August 2017, an indictment was issued by the Federal Grand Jury in Albuquerque and included four counts stemming from the investigation of GABALDON. Refer to District of New Mexico court case 17-CR-2244, for the court record regarding GABALDON.

[2] Refer to District of New Mexico court case 1:17CR-2244-001JCH.

appointed third party custodian at a specified address, and failure to report contact with law enforcement. A District of New Mexico search warrant[3] was also authorized on May 27, 2020, for 1536 Five Points Road Southwest, Albuquerque, New Mexico 87105 and it allowed the FBI to search the residence for GABALDON and evidence of firearms possession.

16. On May 28, 2020, the FBI executed the search warrant at 1536 Five Points Road Southwest, Albuquerque, New Mexico and located GABALDON in the residence, as well as Gloria TESILLO. The FBI also located a 9mm handgun, ammunition, gun cleaning materials, and a small quantity of methamphetamine. GABALDON's mother indicated she purchased the firearm; however, stated GABALDON may have handled the firearm briefly. GABALDON was arrested and booked into federal custody. GABALDON was subsequently released to the La Pasada Halfway House.

17. On June 16, 2020, the FBI was advised GABALDON absconded from the halfway house and an arrest warrant[4] was issued. The FBI located GABALDON at an apartment leased by TESILLO in February 2022. On February 9, 2022, a District of New Mexico search warrant[5], was obtained for TESILLO's apartment, located at 1513 Lead Avenue SE, Apartment 1, Albuquerque, New Mexico. On February 11, 2022, the FBI executed the search warrant and arrested GABALDON. TESILLO was present at the apartment.

18. In September 2022, GABALDON was released from custody to the La Posada Halfway House. On November 10, 2022, the FBI was advised an arrest warrant[6] was issued for

---

[3] Refer to District of New Mexico court case 20-MR-786.

[4] Refer to District of New Mexico court case 1:17CR-2244-001JCH, document 98.

[5] Refer to District of New Mexico court case 22-MR-206.

[6] Refer to District of New Mexico court case 1:17CR-2244-001JCH, document 118.

8

GABALDON because of drug use. According to the probation officer's petition, GABALDON tested positive for Suboxone and fentanyl and subsequently admitted to using those substances. GABALDON was terminated from the La Posada Halfway House. Law enforcement attempted to arrest GABALDON at the halfway house on November 10, 2022; however, he had departed the location.

19. On July 16, 2023, I was contacted by Albuquerque Police Department ("APD") Detective A. Brown regarding a call for service at the Motel 6 located at 60131 Iliff Road Northwest, Albuquerque, New Mexico. Detective Brown indicated an approximately six-month-old child was located deceased at the location and GABALDON was a suspect in the death. The child's twin sister was also located in the room and taken to the hospital and tested positive for illicit substances. Detective Brown noted a powder consistent with a drug cutting agent and drug paraphernalia was located throughout the room. A firearm and ammunition were also located in the bathroom, in a bag under the sink. I also spoke with APD Detective C. Neaderhouser who indicated surveillance footage of the exterior of the room was located. A male matching GABALDON's description was observed leaving the room prior to the call for service. Detective Neaderhouser indicated the footage clearly showed the male was GABALDON. TESILLO was subsequently arrested and indicted for reckless abuse of a child (results in death), abuse of a child (does not result in death or great bodily harm) and possession of a controlled substance.[7] TESILLO claimed she left her children with relatives; however, both relatives denied being at the hotel. A search warrant was obtained by the FBI for the firearm and ammunition that were seized from

---

[7] Refer to State of New Mexico court case D-202-CR-202-1803.

TESILLO's room. The firearm and ammunition will be forensically examined for the presence of GABALDON's DNA.

20. I am aware GABALDON is a frequent user of Facebook. There are numerous profiles associated with GABALDON and his artist persona, "Mr. Mono." I located a Facebook profile that is currently being used, as of this writing, with Facebook username "LawrenceGabaldon1211," hereinafter the "SUBJECT ACCOUNT." In this profile, numerous photos of GABALDON possessing firearms, both rifle and pistols, were located. I am aware GABALDON is a prohibited possessor due to having pled guilty to various federal charges (21 U.S.C. §§ 846, 841(b)(1)(C), 841 (b)(1)(B), and 18 U.S.C. § 2) and then becoming a fugitive from justice.

21. The SUBJECT ACCOUNT's display name is "Mrmono RichteamEmpire." The profile photo is of GABALDON wearing a black Raiders hat and a black Puma sweatshirt. I am aware the individual is GABALDON due to dozens of interactions with him. Frequent posts are made on the SUBJECT ACCOUNT. Many of the posts are of GABALDON holding firearms; however, many are of GABALDON posing without firearms. The first post visible on the account was July 17, 2023.

22. On August 6, 2023, a photo was posted to the SUBJECT ACCOUNT of GABALDON holding a pistol with an extended magazine and the hashtag "Glock20" and "10mm." The photo/post is below:



23. On August 20, 2023, the below photo was posted to the SUBJECT ACCOUNT and the author wrote, "you see my location you call the cops I'm not present at that location no more I uploaded that image or that video after I'm too smart for all you haters I see them talking to the feds fuk warning shots straight for the heads…" The photo/post is below.



24. On August 28, 2023, a photo of GABALDON holding a pistol was posted to the SUBJECT ACCOUNT. In that post, he wrote he was going to "stay strapped up staying in My Own Lane smoking blunts of weed cuz that other s*** was gong to kill me." I believe the use of

11

"strapped up," is a reference to carrying firearm. I am aware the street term for a firearm is a "strap." I also believe the reference to that "other s***," is a reference to fentanyl, as that was one of the substances GABALDON tested positive for when the latest arrest warrant for his person was issued. The photo/post is below.



25. On approximately September 22, 2023, a photo of GABALDON holding a pistol was posted to the SUBJECT ACCOUNT. The photo/post is below:



26. On September 24, 2023, a photo of GABALDON holding a rifle was posted to the SUBJECT ACCOUNT. The photo/post is below:



27.     On September 25, 2023, the SUBJECT ACCOUNT posted this photo of GABALDON. See photo below. I recognize the metal siding and brick wall to be located to the property north of the SUBJECT PREMISES.



28.     On September 28 and 29, 2023, TESILLO utilized the recorded phone system at the Metropolitan Detention Center ("MDC") in Albuquerque to telephone phone number 575-240-1230, hereinafter the "SUBJECT PHONE." I was provided with six telephone calls made by TESILLO on September 28 and 29. I recognized the recipient's voice on the calls to be GABALDON. I know this was GABALDON based on my numerous interactions with him.

29.     On September 29, 2023, the FBI issued an administrative subpoena to T-Mobile for phone number 575-240-1230 requesting subscriber information. On October 2, 2023, T-Mobile

13

provided records showing Maryann MASCARENAS was the subscriber. I know MASCARENAS to be GABALDON's mother and have interacted with her on dozens of occasions. GABALDON was residing with MASCARENAS in 2020 when he was arrested for conditions of release violations at 1536 Five Points Road SW. MASCARENAS was the purchaser of a 9mm handgun located in that residence.

30. On October 3, 2023, I utilized a law enforcement database to search for MASCARENAS' current address and located the SUBJECT PREMISES listed as the most likely current address. On that date, I conducted surveillance of the SUBJECT PREMISES and took various photos of the exterior and interior of the apartment complex.

31. On October 4, 2023, Bernalillo County Sheriff's Office ("BCSO") Detective Andrew Limon conducted a check for benefits for MASCARENAS and GABALDON. He determined MASCARENAS utilized her benefits at a Lowe's Grocery store approximately a block away from the SUBJECT PREMISES. Detective Limon also located surveillance footage from inside the Lowes that showed MASCARENAS and GABALDON at a cash register. The attendant knew both MASCARENAS and GABALDON by name and knew where they parked. Detective Limon located a white Dodge Stratus that was utilized by MASCARENAS and GABALDON.

32. On October 5, 2023, I realized a white Dodge Stratus had been parked at the SUBJECT PREMISES on October 3, 2023, and was parked by the window of the SUBJECT PREMISES. On this date, myself and BCSO conducted surveillance at the SUBJECT PREMISES. The Dodge Stratus was registered to MASCARENAS and Ernest GARCIA, GABALDON's brother, at the SUBJECT PREMISES. On this date, BCSO and New Mexico State Police ("NMSP") positively identified GABALDON at the SUBJECT PREMISES, confirmed which apartment he resided at, and arrested him on the federal arrest warrant.

33. The SUBJECT ACCOUNT posted a reel on October 4, 2023, which consisted of four videos. The first video, the words "#Glock 23 My other new baby," were shown on the screen while someone showed all angles of a Glock pistol. The video was filmed in a vehicle as the air vents were visible. The second video showed GABALDON holding a large amount of US currency in $100 denominations with the words, "I can show you how to get it #RealHustler." The third video was of GABALDON smoking with the words "#MrMono #LivingTheLife #Blunted." The last video was also filmed in a vehicle with the words at the top of the screen, "Just how I roll I trust no one I got my own back I stay strapped I stay real I stay far away from the hate an fake [praying hands] [100 symbol] #MrMono." In that video, a "Backwoods" backpack matching the backpack posted in the photo from September 25, 2023, was opened and a black Glock pistol was shown. Another "Backwoods" backpack was shown and a tan or green pistol with an extended magazine was shown. At the end of the video, the camera panned to GABALDON's face.

34. Based on my training and experience, I believe most people utilize their cellular telephones to take photographs and videos that are uploaded to social media websites, like Facebook.

35. On October 6, 2023, Detective Limon listened to TESILLO's phone calls from MDC. At approximately 10:15am, TESILLO spoke with MASCARENAS and asked, "did they get any of his toys?" MASCARENAS responded and said, "no." Based on my training and experience, I believe "toys" is a reference to firearms. During the initial investigation into GABALDON, he often referred to firearms as "toys," and has confirmed he utilized "toy" as slang for firearms.

36. On October 10, 2023, I and SA Mark Nehez picked up GABALDON from MDC. While at MDC, GABALDON began speaking with Agents about his case and was advised of his

*Miranda Rights*, which he verbally waived. GABALDON indicated he did not know he could not possess firearms and inquired if he was allowed to possess prop firearms for his music videos. GABALDON denied possessing firearms and indicated the firearms on his Facebook were not his, but he did hold them. GABALDON indicated he was tired of hearing about DNA when I asked if his DNA would be located on the firearm located at the Iliff hotel and the one seized from Five Points Road. GABALDON indicated the money on his Facebook was his brothers and his brother let him borrow it. I informed him he was advised to not possess firearms previously and he was not to possess firearms or ammunition.

37.     Based on my training and experience and the facts as set forth in this affidavit, I believe there is probable cause to believe that violations of 18 U.S.C. § 922 have been committed by GABALDON. I submit there is probable cause to search the SUBJECT PREMISES described in Attachment A, for evidence of illicit firearms possession, as described in Attachment B.

## THE SUBJECT PREMISES

38.     The SUBJECT PREMISES are located at 401 14th Street NW, Apartment 8, Albuquerque, New Mexico 87104 and may be described as a one-bedroom apartment in a multi-family complex located on the southeast corner of Fruit Avenue and 14th Street. The apartment complex is two levels and is gray in color. The front entrance faces east and is a light green with gray accents. Apartment 8 may be reached via an interior courtyard and is located west of the laundry room, on the first level. The number "8" is posted in black on the white door of the apartment.

## CONCLUSION

39.     Based on the information set forth above, I request that the Court issue the proposed search warrant.

40. Based on my training and experience and the facts as set forth in this affidavit, I believe there is probable cause to believe that violations of 18 U.S.C. § 922 have been committed by GABALDON. I submit there is probable cause to search the SUBJECT PREMISES described in Attachment A, for evidence of illicit firearms possession, as described in Attachment B.

41. Assistant United States Attorney Matthew Nelson has reviewed and approved this application.

42. I swear that this information is true and correct to the best of my knowledge.

Respectfully submitted,

_____
Nancy Stemo
Special Agent
Federal Bureau of Investigation

Electronically Submitted and Telephonically Sworn on October ___10th___, 2023:

_____
HONORABLE STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

17

## ATTACHMENT A

The SUBJECT PREMISES are located at 401 14th Street NW, Apartment 8, Albuquerque, New Mexico 87104 and may be described as a one-bedroom apartment in a multi-family complex located on the southeast corner of Fruit Avenue and 14th Street. The apartment complex is two levels and is gray in color. The front entrance faces east and is light green with gray accents. Apartment 8 may be reached via an interior courtyard and is located west of the laundry room, on the first level. The number "8" is posted in black on the white door of the apartment.





## ATTACHMENT B
## ITEMS TO BE SEIZED

All evidence of violations of 18 U.S.C. 922(g)(1) including:

1. Firearms and ammunition;

2. Indicia of ownership, control, possession, sales and purchase of firearms and ammunition including purchase receipts, ownership paperwork, communications, photographs, storage containers, and boxes;

3. Books, records, receipts, notes, ledgers and other documents relating to the sale, transport, purchase, or distribution of firearms, including financial records;

4. Photographs, videos, and images depicting LAWRENCE GABALDON with firearms, stored in any form including electronic form; and

5. All Cellular telephones or smartphones associated with GABALDON and their contents.